IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00008-PAB-KLM

MARLIN CRUMP,

        Plaintiff,

v.

JAMES IRWIN CHARTER SCHOOLS,

        Defendant.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

        This matter is before the Court on Defendant's **Motion to Dismiss Plaintiff's Title
VII Complaint** [Docket No. 10; Filed February 6, 2012] (the "Motion").  Plaintiff, who is
proceeding *pro se*, filed a Response [#13] in opposition to the Motion on February 22,
2012.  Defendant filed a Reply [#15] on March 7, 2012.  Pursuant to 28 U.S.C. §
636(b)(1)(A) and D.C.COLO.LCivR 72.1C, the Motion has been referred to this Court for
a recommendation regarding disposition.  The Court has reviewed the pleadings, the entire
case file, and the applicable law, and is sufficiently advised in the premises.  For the
reasons set forth below, the Court respectfully **RECOMMENDS** that Defendant's Motion
[#10] be **GRANTED** and that Plaintiff's Complaint [#1] be **DISMISSED without prejudice**.

### I.  Summary of the Case

        On January 3, 2012, Plaintiff filed a Complaint [#1] alleging discrimination in violation
of Title VII.  In short, he asserts that he was harassed and discharged from employment

by his employer, Defendant James Irwin Charter Schools, in retaliation after Plaintiff engaged in a protected activity. *See Compl.* [#1] at 3. He states that he received a right of notice to sue from the EEOC on October 12, 2011. *See id.* at 2-3. Because this action was filed on January 3, 2012, it is timely. *See* 42 U.S.C. § 2000e-5(f)(1) (stating that a claimant has ninety days in which to file an action in district court once he receives a notice of right to sue from the EEOC).

According to the Complaint, Plaintiff is a male citizen of the State of Colorado, and Defendant is a charter school located in the State of Colorado. *See Compl.* [#1] at 3. Defendant employed Plaintiff from September of 2005 through December 2, 2010. *See id.* at 4. Plaintiff asserts that Defendant terminated his employment on December 2, 2010 "for leaving a note stating his concerns about a new vacuum cleaner that was not working properly which raised concerns about the health and safety of students and staff." *Id.* Plaintiff also states that he was "harassed and retaliated against for stating that he would file a complaint against the Operation and Development Manager, the Custodian Manager, and the COO, for unfair practice in the workplace." *Id.* As a result, Plaintiff states that he "suffered severe emotional distress, embarrassment, humiliation, depression, [and] loss of self esteem." *Id.* at 5.

Plaintiff also states that a co-worker was injured while working on October 26, 2011. *See id.* at 4. She "was put on light duties and later was sent to Workman Compensation." *Id.* Plaintiff asserts that the Director of Operations and Custodian Manager told the night crew that they were not to help this person, speak to her, or have any contact with her, or

-2-

Case 1:12-cv-00008-PAB-KLM   Document 17   Filed 03/21/12   USDC Colorado   Page 3 of 7

else they would face retaliation or termination.[1]  *See id.*

In his Response, Plaintiff further supplements his allegations by stating that discipline reports against him were fabricated after he threatened to file "a harassment charge against the administration who involved Mr. John Wilson, the Director of Operation, Ms. Eileen Johnston COO and Steve Vasquez the Custodian Manager."  *See Response* [#13] at 1.  He also states that John Wilson stated at one time that Plaintiff was terminated for walking out of a meeting and stated at another time that Plaintiff was terminated for "refusing to use a new vacuum cleaner that doesn't work in a school environment."  *Id.* at 2.

Defendant contends that Plaintiff's claim should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because Plaintiff failed to allege sufficient facts to state a claim under Title VII that is plausible on its face.  *See Motion* [#10] at 5-6.

## II.  Standard of Review

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true."  *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994); Fed R. Civ. P. 12(b)(6) (stating that a complaint may be dismissed for "failure to state a claim upon which relief can be granted").  To withstand a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'"  *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)

---

[1]  It is unclear from the Complaint whether Plaintiff was re-hired by Defendant after his termination in December of 2010, and thus was present for these events; whether he heard about this information from a third party; or whether the "2011" date is an error.

-3-

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) ("The complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." (quoting *Twombly*, 550 U.S. at 570)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal quotation marks omitted). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted).

When considering Plaintiff's Amended Complaint [#1] and Response [#13], the Court is mindful that it must construe the filings of a pro se litigant liberally. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be a pro se litigant's advocate, nor should the Court "supply additional factual allegations to round out [a pro se litigant's] complaint or construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, pro se litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

### III.  Analysis

-4-

Plaintiff alleges that Defendant violated Title VII through harassment and retaliation. Title VII bars an employer from discriminating "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin . . . . 42 U.S.C. § 2000e-2.  Title VII also bars employers from retaliating against an employee for engaging in a "protected activity."  42 U.S.C.2000e-3(a).  An employee engages in a protected activity when he "has opposed any practice made an unlawful employment practice" pursuant to Title VII "or because he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding or hearing" in connection with such a practice.  *Id.*

To prove a claim of harassment under Title VII as a matter of law, "a plaintiff must show that a rational jury could find that the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment."  *Davis v. U.S. Postal Serv.*, 142 F.3d 1334, 1341 (10th Cir. 1998) (internal quotations and citations omitted).  "The working environment must both subjectively and objectively be perceived as abusive."  *Brooks v. City of San Mateo*, 229 F.3d 917, 923 (9th Cir. 2000) (quotation and citation omitted).  All of the circumstances of the employment must be considered, including "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance."  *Davis*, 142 F.3d at 1341.

To establish a claim for retaliation pursuant to Title VII, Plaintiff must show that (1) he was engaged in protected opposition to discrimination; (2) a reasonable employee would have found the employer's alleged retaliatory action to be materially adverse, meaning that

the employer's action might dissuade a reasonable worker from making or supporting a charge of discrimination; and (3) a causal connection exists between the protected activity and the adverse action. *EEOC v. PVNF, LLC*, 487 F.3d 790, 803 (10th Cir. 2007); *Robinson v. Dean Foods Co.*, 654 F. Supp. 2d 1268, 1283 (D. Colo. 2009).

Plaintiff has set forth almost no specific factual allegations with respect to his claims, and he has therefore failed to plead a colorable claim for relief pursuant to the *Iqbal* standard. A complaint in an employment discrimination lawsuit does not need to contain specific facts establishing a prima facie case of discrimination pursuant to *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510-11 (2002). Rather, such a complaint need only contain enough detail to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id.* at 514. However, even in *Swierkiewicz*, the plaintiff's pleading "detailed the events leading to his termination, provided relevant dates, and included the ages and nationalities of at least some of the relevant persons involved with his termination." *Id.* Here, Plaintiff's Complaint merely asserts claims of retaliation and harassment without supplying any dates or descriptions of any of the adverse actions that befell him, except for his termination date, and he supplies no facts which support an allegation of discrimination within the meaning of Title VII. Accordingly, the Court finds that Plaintiff's Complaint should be dismissed for failure to state a claim. *See, e.g.*, *Helsper v. Napolitano*, No. 11-cv-01804-MSK-BNB, 2012 WL 715555, at *2 (D. Colo. Mar. 5, 2012) (finding that a dismissal was appropriate in an employment discrimination case where the plaintiff provided no "dates or descriptions of any of the adverse actions that befell her" and gave no "indication as to why she believes those actions were discriminatory").

## IV. Conclusion

Based on the foregoing, the Court respectfully **RECOMMENDS** that Defendant's Motion [#10] be **GRANTED** and that Plaintiff's Complaint [#1] be **DISMISSED without prejudice**.

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review.  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:  March 21, 2012

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge