IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 12-cv-00008-PAB-KLM

MARLIN CRUMP,

    Plaintiff,

v.

JAMES IRWIN CHARTER SCHOOLS,

    Defendant.

_____

**ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION**
_____

    This matter is before the Court on the Recommendation of United States Magistrate Judge Kristen L. Mix filed on March 21, 2012 [Docket No. 17]. The magistrate judge recommends that defendant's motion to dismiss [Docket No. 10] be granted and that this case be dismissed due to plaintiff's failure to provide sufficient factual detail to support an inference of discrimination or retaliation in violation of Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e *et seq*. The Recommendation states that objections to the Recommendation must be filed within fourteen days after its service on the parties. *See* 28 U.S.C. § 636(b)(1)(C). The Recommendation was served on March 21, 2012. No party has objected to the Recommendation.

    In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("[i]t does not appear that Congress intended to require district court review of a

magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings"). In this matter, the Court has reviewed the Recommendation to satisfy itself that there is "no clear error on the face of the record."[1] Fed. R. Civ. P. 72(b), Advisory Committee Notes. Based on this review, the Court has concluded that the Recommendation is a correct application of the facts and the law.

The Court further notes that, in addition to lacking sufficiently specific facts describing the conduct at issue, the complaint more generally fails to plead that plaintiff suffered discrimination on account of his "race, color, religion, sex, or national origin," 42 U.S.C. § 2000e-2(a)(1), or was retaliated against for asserting his or another's rights to be free from such discrimination. *See* 42 U.S.C. § 2000e-3(a). Rather, plaintiff alleges in his complaint that his employment was terminated because he expressed concerns about the safety of a particular vacuum cleaner used at his job and threatened to report those concerns. *See* Docket No. 1 at 4, ¶ ¶ 9-10.[2] Accordingly, it is

**ORDERED** as follows:

1. The Recommendation of United States Magistrate Judge [Docket No. 17] is ACCEPTED.

2. Defendant's Motion to Dismiss Plaintiff's Title VII Complaint [Docket No. 10] is GRANTED.

---

[1]This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b).

[2]Furthermore, in his response to defendant's motion, plaintiff identifies no protected category implicated by the facts of this case. *See generally* Docket No. 13.

3.  Plaintiff's Title VII Complaint [Docket No. 1] is dismissed without prejudice.

DATED April 13, 2012.

          BY THE COURT:

          s/Philip A. Brimmer
          PHILIP A. BRIMMER
          United States District Judge